Filed 4/22/15  P. v. Hawkins CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROSE MENA HAWKINS,<br><br>    Defendant and Appellant. | B256144<br><br>(Los Angeles County<br>Super. Ct. No. BA185661) |

THE COURT:*

      Defendant and appellant Rose Mena Hawkins (defendant) appeals from a postjudgment order denying her petition to seal and destroy her arrest record pursuant to Penal Code section 851.8.  Her appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On January 29, 2015, we notified defendant of her counsel's brief and gave her leave to file, within 30 days, her own brief or letter stating any grounds or argument she might wish to have considered.  That time has elapsed, and defendant has submitted no brief or letter.  We have reviewed the entire record, and finding no arguable issues, affirm the order.

---

\*     BOREN, P.J., CHAVEZ, J., HOFFSTADT, J.

In 1999, defendant was charged with possession of cocaine in violation of Health & Safety Code section 11350, subdivision (a), and possession of an opium pipe in violation of Health & Safety Code section 11364. Defendant was convicted of count 1 under a plea agreement and count 2 was dismissed. On May 10, 1999, the trial court placed defendant on formal probation for a period of four years under specified terms and conditions. In 2007, the trial court granted defendant's petition to set aside her guilty plea and dismissed the complaint, pursuant to Penal Code section 1203.4.

Subsequently, defendant filed a petition to seal and destroy her arrest record. On April 21, 2014, the trial court denied the petition after finding that defendant's guilty plea precluded a finding of factual innocence, a prerequisite to relief under Penal Code section 851.8. Defendant filed a timely notice of appeal from the order.

We have conducted a de novo review to determine whether defendant carried her burden to demonstrate factual innocence (see *People v. Adair* (2003) 29 Cal.4th 895, 897), and we conclude that the trial court's findings were correct. Further, we are satisfied from our examination of the entire record that defendant's appellate counsel has fully complied with her responsibilities and that no arguable issue exists. We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the trial court's order denying her petition. (See *Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The trial court's order, entered April 21, 2014, is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.